# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ROBERT M. DOW, JR. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 0814 | **DATE** | 2/14/08 |
| **CASE TITLE** | Louis Harris (#2007-0054645) vs. Sheriff of Cook County | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion to proceed *in forma pauperis* [DE 3] is stricken. The plaintiff is directed to submit a renewed i.f.p. petition that is certified by a trust fund officer; he must also attach copies of his jail trust fund ledgers showing his income for the six months preceding the filing of this action [that is, from August 7, 2007, through February 7, 2008]. Failure to comply within thirty days of the date of this order will result in denial of leave to proceed *in forma pauperis* and summary dismissal of this case. The Clerk is directed to provide the plaintiff with a blank i.f.p. petition along with a copy of this order. The plaintiff is reminded that he must provide the court with the original plus a judge's copy of every document filed.

■ **[For further details see text below.]**      Docketing to mail notices.

## STATEMENT

    The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendant, the Cook County Sheriff, violated the plaintiff's constitutional rights by subjecting him to an illegal search and seizure. More specifically, the plaintiff alleges that each time he was incarcerated at the jail between 1990 and 2003, he was required to submit to a non-consensual test for sexually transmitted diseases that involved the insertion of a cotton swab into his penis.

    The Clerk has accepted this *pro se* civil rights complaint for docketing pursuant to Fed. R. Civ. P. 5(e) even though it was not submitted in compliance with the rules of this court. An incarcerated person seeking leave to proceed *in forma pauperis* must obtain a certificate from a prison official stating the amount of money the prisoner has on deposit in his or her prison or jail trust fund account. To enable the court to make the necessary assessment of an initial partial filing fee, the prisoner must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In the case at bar, the plaintiff's i.f.p. petition is not certified, is missing pages, and the plaintiff has failed to include copies of his jail trust fund ledgers.

**(CONTINUED)**

    mjm

**STATEMENT (continued)**

      In short, if the plaintiff wants to proceed with this lawsuit, he must submit a certified i.f.p. petition, along with copies of trust fund ledgers showing his income for the six months preceding the filing of this lawsuit [that is, from August 7, 2007, through February 7, 2008]. The Clerk will provide the plaintiff with a blank i.f.p. application. Failure to comply [or, in the alternative, to submit the statutory filing fee of $350.00] will result in summary dismissal of this suit. *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980).

      Before pursuing this independent action, the plaintiff may wish to contact attorney Kenneth N Flaxman / Kenneth N. Flaxman, P.C. / 200 South Michigan Avenue, Suite 1240 / Chicago, Illinois 60604-6107 / (312) 427-3200. Mr. Flaxman is class counsel in *Jackson v. Sheriff of Cook County, et al.*, Case No. 06 C 0493 (N.D. Ill.). The court notes that Judge Coar of this district recently extended the deadline for filing claims in that class action. *See* Minute Order of December 6, 2007. It is possible that the plaintiff intended to file a claim form in 06 C 0493 rather than opting out of the class and initiating a separate lawsuit. If that is the case, then the plaintiff should so advise the court.