# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ROBERT M. DOW | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 0814 | **DATE** | 3/10/08 |
| **CASE TITLE** | Harris vs. Sheriff of Cook County | | |

**DOCKET ENTRY TEXT:**

Plaintiff's renewed motion for leave to proceed *in forma pauperis* [#6] is granted. The court authorizes and orders Cook County Jail officials to begin making monthly deductions in accordance with this order. The clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The clerk is directed to issue summonses for service on the defendants by the U.S. Marshal. The clerk is further directed to send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■ [**For further details see text below.**]                                                                 Docketing to mail notices.

## STATEMENT

Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that the defendant, the Cook County Sheriff, violated Plaintiff's constitutional rights by subjecting him to an illegal search and seizure. More specifically, Plaintiff alleges that each time he was incarcerated at the jail between 1990 and 2003, he was required to submit to a non-consensual test for sexually transmitted diseases that involved the insertion of a cotton swab into his penis.

Plaintiff has evidently opted out of a recently-resolved class action relating to the same issues. *See Jackson v. Sheriff of Cook County, et al.*, Case No. 06 C 0493 (N.D. Ill.). Plaintiff has declined to file a claim in Case No. 06 C 0493 and has chosen to pursue this independent lawsuit. See Minute Order of February 14, 2008 (DE 5).

Plaintiff's renewed application for leave to proceed *in forma pauperis* is granted. Because Plaintiff has a zero balance in his inmate trust account, the initial filing fee is waived pursuant to 28 U.S.C. § 1915(b)(4). However, the supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to begin collecting monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. See 28 U.S.C. § 1915(b)(1). Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. *Id.* All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust

mjm

**STATEMENT (continued)**

account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiff's allegations as true, the court finds that Plaintiff has articulated a colorable federal cause of action. Warrantless searches are presumptively illegal. See, e.g., *Kyllo v. United States*, 533 U.S. 27, 32 (2001); *Jackson v. Sheriff of Cook County*, No. 06 C 0493, 2007 WL 917388, at *3 (N.D. Ill. Mar. 23, 2007) (Coar, J.), quoting *United States v. Gamble*, 473 F.2d 1274, 1276 (7th Cir. 1973). In addition, inmates have a constitutional interest in refusing unwarranted medical procedures. See *Russell v. Richards*, 384 F.3d 444, 447 (7th Cir. 2004) (ultimately holding, however, that a jail's policy of directing new inmates to use delousing shampoo did not violate their due process right to be free from unwanted medical treatment); *Cruzan v. Dir. Missouri Dept. of Health*, 497 U.S. 261, 278-79 (1990). While a more fully developed record may establish that the challenged practice did not violate Plaintiff's constitutional rights, Defendant must respond to the complaint.

The clerk shall issue summonses forthwith and send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve the defendant. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve the defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendant. The Marshal is authorized to mail a request for waiver of service to the defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendant [or to defense counsel, once an attorney has entered an appearance on the defendant's behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

As a final concern, the Court notes that Plaintiff made a material misstatement in the complaint he submitted. The Court's civil rights complaint form instructed Plaintiff to "List ALL lawsuits you . . . have filed in any state or federal court (including the Central and Southern Districts of Illinois)." Complaint at 3 (emphasis in original). The form goes on to direct, "IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS . . . REGARDLESS OF HOW MANY CASE YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE." *Id.* (emphasis in original). Despite the Court's admonition, Plaintiff wrote "NONE," failing to mention at least three previous federal cases he has filed, including one case that counts as a "strike" against him. See *Harris v. Ill. Dept. of Corrections, et al.,* Case No. 04-3039 (C.D. Ill.), dismissed for failure to state a claim by Order on January 10, 2005 (Mills, J.). Plaintiff's effective "fraud" on the court justifies "immediate termination of the suit." *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

**STATEMENT (continued)**

Because Plaintiff's previous dismissals do not affect his eligibility to proceed in forma pauperis in this case, see 28 U.S.C. § 1915(g), the Court will give Plaintiff the benefit of the doubt and assume that his omission was due to accidental oversight. But Plaintiff is cautioned that in signing court filings, he is representing that the statements he makes are true to the best of his knowledge. See Fed. R. Civ. P. 11. Before submitting any motions or pleadings to the Court, Plaintiff should accordingly review the documents carefully to make sure they are complete and accurate. Misrepresentations to the Court could lead to sanctions, including dismissal.